# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ABDURRAHMAN GEZEN,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden Otay Mesa Detention Center; PAMELA BONDI, United States Attorney General; KRISTI NOEM, Secretary of the Department of Homeland Security; PATRICK DIVVER, ICE San Diego Field Office Director, in their official capacities,<br><br>Respondents. | Case No.:  26cv0273 DMS AHG<br><br>**ORDER GRANTING PETITION** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a return to the Petition, and Petitioner filed traverse. After considering the parties' briefs, the relevant legal authority and record, the Court grants the Petition.

/ / /

/ / /

/ / /

/ / /

1

Petitioner Abdurrahman Gezen is a citizen of Turkey who entered the United States a few years ago.  (Pet. at 1, 7.[1])  According to the Petition, Petitioner was detained upon his initial entry, but later released on his own recognizance.  (*Id.*)

On January 22, 2024, the Department of Homeland Security ("DHS") filed a Notice to Appear in immigration court, commencing removal proceedings against Petitioner.  (*Id.*)  In June 2024, Petitioner filed an asylum application.  In January 2025, United States Citizenship and Immigration Services ("USCIS") issued Petitioner an employment authorization card and a social security card.  (*Id.*)

On December 4, 2025, Petitioner was driving his vehicle on the freeway, going to pick up an Uber client, when he was stopped and surrounded by three vehicles.  (*Id.* at 7-8.)  Petitioner was then detained and transported to Otay Mesa Detention Center, where he remains in custody.

On January 16, 2026, Petitioner filed the present case seeking release from custody, among other things.  He raises one claim, namely that his re-detention without any notice, hearing or change in circumstances violated the Due Process Clause of the Fifth Amendment.  Respondents did not address that claim.  Instead, they contend Petitioner is a member of the *Maldonado Bautista*[2] Class and therefore entitled to a bond hearing.

The Court agrees with Petitioner's argument that his re-detention violated the Due Process Clause.  *See Lesic v. LaRose*, No. 25CV2746-LL-BJW, 2025 WL 3158675, at *3 (S.D. Cal. Nov. 12, 2025); *Sanchez v. LaRose*, No. 25-CV-2396-JES-MMP, 2025 WL 2770629, at *4 (S.D. Cal. Sept. 26, 2025) (finding failure to identify or explain the changed circumstances underlying re-detention is violation of due process).

Absent any argument from Respondents that there are changed circumstances justifying Petitioner's re-detention, the Court grants the Petition, and orders Respondents

[1] The Petition states Petitioner entered the United States in April 2024, (*id.* at 1), but also states he entered on November 26, 2023.  (*Id.* at 7.)

[2] *See Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM, United States District Court for the Central District of California.

to release Petitioner forthwith, and subject to the terms of his previous release.  *See N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *7-8 (D. Ore. Dec. 9, 2025) (granting petition and ordering petitioner's release where respondents failed to contest merits); *F.B. v. Noem*, No. CV-25-04271-PHX-JJT (JZB), 2025 WL 3628652, at *1-2 (D. Ariz. Dec. 4, 2025) (similar).  The parties shall file a status report on or before **March 10, 2026**, indicating whether Petitioner has been released.

    **IT IS SO ORDERED**.

Dated:  March 3, 2026

Hon. Dana M. Sabraw
United States District Judge

3

26cv0273 DMS AHG